DOWD, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| Tony Hill, | CASE NO. 1:05CV2884 |
|  | (1:04CR400) |
| Petitioner-Defendant, |  |
| v. | M E M O R A N D U M |
| United States of America | O P I N I O N |
| Respondent-Plaintiff. |  |

The petitioner, acting in a pro se capacity, seeks habeas relief from his sentence to a term of 84 months which was based on his plea of guilty to a single count of conspiring to possess with intent to distribute and distribute cocaine and crack cocaine in violation of 21 U.S.C. Sections 841(a)(1)(b)(1) and (C). The government filed a response. (docket #7). The defendant has not filed a reply.

The defendant was granted a seven level reduction for substantial assistance which followed the defendant's execution of a proffer letter. As a consequence the defendant's total offense level was reduced from 32 to 22 based on a downward adjustment of three levels for acceptance of responsibility and the seventh level reduction for substantial assistance. The resulting sentencing range was 84-105 months as the defendant's criminal history was a category VI. The 84 months sentence was the lowest sentence available of the then mandatory sentencing guidelines.

The defendant did not appeal his sentence.

The defendant was clearly a career offender thus providing for a criminal history category VI as he had prior convictions for aggravated burglary and trafficking in drugs.

The Court now addresses his claims of the denial of the effective assistance of counsel. The defendant was represented by the very competent Assistant Federal Defender, Mr. Charles Fleming. The defendant, guided by Mr. Fleming, elected to cooperate with the government at the early stages of the prosecution. As a consequence, the defendant earned the government's 5(k) motion for a downward departure based on substantial assistance. Against that background, the petitioner claims that he was denied the effective assistance of counsel for failing to file pre-trial motions or move for suppression is totally without merit.      Finally, contrary to the petitioner's claim, he did not receive a two level enhancement for a firearm.

The petition for habeas release patently is without merit and the Court finds no basis for granting a certificate of appealability.

IT IS SO ORDERED.

| | |
|---|---|
| February 22, 2006 | /s/ David D. Dowd, Jr. |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |